DLD-140                                                        NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4050
_____

UNITED STATES OF AMERICA

v.

CARL GREEN,
                                        Appellant.
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civ. No. 2-06-cr-00075-001)
District Judge: Honorable Stewart Dalzell
_____

Submitted for Possible or Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 19, 2013

Before:  SMITH, HARDIMAN and VAN ANTWERPEN, Circuit Judges

(Opinion filed: January 9, 2014)
_____

OPINION
_____

PER CURIAM

        Appellant Carl Green appeals from an order of the District Court denying his motion to

dismiss the indictment.  For the reasons that follow, we will summarily affirm.

Green, a federal prisoner, pleaded guilty in August, 2006 to an unarmed bank robbery in violation of 18 U.S.C. § 2113(a) in the United States District Court for the Eastern District of Pennsylvania.[1]  He was sentenced in November, 2006 as a career offender to a term of imprisonment of 168 months and three years of supervised release.  Green filed neither a direct appeal nor a timely collateral attack under 28 U.S.C. § 2255.

On August 19, 2013, Green filed a motion to dismiss the indictment, asking the District Court to use its supervisory power to afford him relief.  Green alleged that the indictment was "plagued with prosecutorial misconduct, and peppered with deprivations" of the Fifth and Tenth Amendments.  More specifically, Green alleged that Congress exceeded its power when it criminalized bank robbery, which historically had been the province of the states.  He noted that the sentences imposed by state courts were much more lenient than those imposed by federal courts.  His Tenth Amendment challenge was based on Bond v. United States, 131 S. Ct. 2355 (2011).

In denying the motion to dismiss the indictment, the District Court reasoned that Green's allegations of prosecutorial misconduct did not rise to the level of a Fifth Amendment violation because that amendment requires only that an indictment be returned by a legally constituted and unbiased grand jury, citing United States v. Vitillo, 490 F.3d 314, 320 (3d Cir. 2007), and United States ex rel. Almeida v. Rundle, 383 F.2d 421, 424 (3d Cir. 1967) (indictment may not be challenged on ground that evidence presented to grand jury was either inadequate or incompetent).  Turning to Green's Tenth Amendment claim, the District Court noted Bond's holding that a criminal defendant has standing to pursue a Tenth Amendment

---

[1] The record reflects that Green gave a full written confession after waiving his Miranda rights.

2

challenge to Government action taken "in excess of the authority that federalism defines," id. at 2363-2364, but reasoned that nothing in <u>Bond</u> disturbed the longstanding view that the reach of the federal government into crimes against banking and savings institutions under the bank robbery statute did not exceed its power under the Commerce Clause, <u>see</u> <u>United States v. Spinello</u>, 265 F.3d 150, 156-58 (3d Cir. 2001). Last, the District Court summarily rejected Green's vaguely asserted Ninth Amendment claim, and the court determined that Green's motion to dismiss the indictment was time-barred under 28 U.S.C. § 2255, because even if it was construed as depending on a new right recognized by the Supreme Court in <u>Bond</u>, Green did not file it within one year, <u>see</u> <u>id.</u> at § 2255(f)(3), of June 16, 2011, the date <u>Bond</u> was decided.

Green appeals. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253(a). We give Green the benefit of the doubt with respect to the District Court's jurisdiction, <u>see</u> 28 U.S.C. § 2241, insofar as he alleged that he is actually innocent of violating 18 U.S.C. § 2113(a) on the basis of <u>Bond.</u> We exercise plenary review over the dismissal of his petition. <u>See</u> <u>Vega v. United States</u>, 493 F.3d 310, 314 (3d Cir. 2007).

We will summarily affirm the order of the District Court because no substantial question is presented by this appeal, Third Circuit LAR 27.4 and I.O.P. 10.6. Green alleged in the main that he is actually innocent because his conduct did not affect interstate commerce and because criminalizing "purely local conduct" exceeds Congress' power under the Tenth Amendment. The claim that bank robbery is purely local conduct is new and based on the Supreme Court's decision in <u>Bond</u>, which held that a criminal defendant has standing to pursue

3

a Tenth Amendment challenge to the statute under which he was charged as an unjustifiable expansion of federal law enforcement into a state-regulated domain.

A federal prisoner must challenge the validity of his conviction and sentence through a motion to vacate sentence pursuant to 28 U.S.C. § 2255. See Davis v. United States, 417 U.S. 333, 343 (1974). Section 2255 expressly prohibits a district court from considering a challenge to a prisoner's federal sentence under § 2241 unless the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); see also Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002); In re: Dorsainvil, 119 F.3d 245, 251 (3d Cir.1997). A motion under § 2255 is not "inadequate or ineffective" simply because the petitioner cannot meet the time requirements for a motion to vacate sentence. See Cradle, 290 F.3d at 538-39 (Section 2255 not inadequate or ineffective merely because one-year statute of limitation has expired). See also 28 U.S.C. § 2255(f)(3) (motion to vacate sentence must be filed within one year of date on which judgment becomes final or within one year of the date on which the right asserted was initially recognized by Supreme Court and made retroactive to cases on collateral review).

We have held that § 2255 is "inadequate or ineffective" to test the legality of a conviction where a petitioner "is being detained for conduct that has subsequently been rendered non-criminal by an intervening Supreme Court decision," and where the petitioner is otherwise barred from filing a § 2255 motion. Dorsainvil, 119 F.3d at 252. In such a case, a petitioner may seek habeas corpus relief under 28 U.S.C. § 2241. Id. As explained by the District Court, Bond did not render non-criminal the conduct for which Green was convicted –

4

robbery of a federally insured bank – and so he cannot proceed under § 2241.[2]  In his summary action response, Green argues that <u>National Federation of Independent Business v. Sebelius</u>, 132 S. Ct. 2566 (2012), wherein the Supreme Court held that the individual mandate of the Affordable Care Act exceeded Congress' power under the Commerce Clause, further supports his argument that the bank robbery statute is now invalid.  It does not.

For the foregoing reasons, we will summarily affirm the order of the District Court denying Green's motion to dismiss the indictment.

---

[2] The defendant in <u>Bond</u> placed caustic substances on objects her rival was likely to touch, and the victim suffered a minor burn on her hand.  The defendant was indicted on two counts of violating 18 U.S.C. § 229, which forbids knowing possession or use of any chemical that can cause harm to humans.  The statute was enacted as part of the Chemical Weapons Convention Implementation Act of 1998, which implemented provisions of the Convention on the Prohibition of the Development, Production, Stockpiling and Use of Chemical Weapons and on their Destruction, a treaty the United States ratified in 1997.  <u>See</u> <u>Bond</u>, 131 S. Ct. at 2360. The defendant moved to dismiss the § 229 charges, contending that the statute was beyond Congress' constitutional authority to enact.  The Supreme Court held that Bond had prudential standing to challenge the statute of conviction as violating the Tenth Amendment.